

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 374 | **DATE** | November 2, 2004 |
| **CASE TITLE** | *U.S. ex rel. Araujo v. Sternes* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The respondent's motion to dismiss Araujo's § 2254 petition [11-1] is granted, and the petition is dismissed as time-barred. The clerk is directed to enter a Rule 58 judgment and to terminate this case. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 4 - 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 38 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS/c | courtroom deputy's initials | 2004 NOV -3 PM 4:38 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| ex rel. ROLANDO ARAUJO, | ) | |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | 04 C 374 |
| | ) | |
| JERRY STERNES,[1] | ) | |
|    Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Rolando Araujo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the court. The respondent seeks to dismiss the petition as time-barred. For the following reasons, the respondent's motion to dismiss is granted.

### I. Background

The court will presume that the state court's factual determinations are correct for the purposes of habeas review as Araujo has not provided clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir.2002). The court thus adopts the state court's recitation of the facts, and will briefly summarize the key facts which are relevant to Araujo's § 2254 petition.

In 1988, Mario Rodriguez was shot in connection with a gang-related fight. Araujo was subsequently charged with first degree murder. At trial, the only physical evidence presented by

---

[1] Araujo's petition named Jerry Sternes, the warden of the Dixon Correctional Center, as the respondent. The respondent's reply substitutes the warden of the Lawrence Correctional Center as the respondent without any explanation. The inmate search function on the Illinois Department of Corrections website indicates that Araujo is still incarcerated at the Dixon Correctional Center. *See* http://www.idoc.state.il.us/subsections/search/default.asp. Accordingly, Sternes is the appropriate respondent. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. If Araujo has moved, the parties should so advise the court.

the State was a .38 caliber revolver the police seized from Araujo's home within a few hours of the murder. The State argued that Araujo had used the revolver to shoot Rodriguez and fled the scene and hid the gun in his house, and that police officers found the gun before Araujo could get rid of it. In support, the State presented, among other things, a weapons expert who testified that the revolver could have been the murder weapon because it had the same class characteristics as the bullets recovered from the victim's body and two eyewitnesses who testified that the revolver was the same gun used to shoot the victim. On cross-examination, the weapons expert testified that there were "millions" of guns with the same class characteristics.

A jury convicted Araujo of first degree murder and the court sentenced him to a term of fifty years. Araujo appealed and the Illinois Appellate Court affirmed his conviction and sentence on March 31, 1994. Araujo did not file a petition for leave to appeal ("PLA") with the Illinois Supreme Court.

On October 21, 1996, Araujo filed a state post-conviction petition and the trial court subsequently held an evidentiary hearing. Robert Mendoza (Araujo's co-defendant) testified that he shot the victim. In addition, Zaida Cintron, Mendoza's girlfriend, testified that she saw Araujo on the day of the shooting and that she falsely had told the police that Araujo told her he had "just done something" and had to hide his gun in order to protect Mendoza. The parties also stipulated that: (1) Araujo's expert in ballistics would testify to a reasonable degree of scientific certainty that the bullets recovered from the victim's body were not fired from the gun recovered from Araujo's home; and (2) a forensic science expert employed by the Illinois State Police would testify that one of the bullets could not have been fired from Araujo's gun and that the other bullet was too badly damaged to make a comparison.

The trial court stated that Mendoza and Cintron's testimony was incredible. It then found that the trial testimony that Araujo's gun "may or may not have been the weapon" was "mistaken" because the gun "could not have been the weapon." It thus noted that its task was to decide whether the result at trial would have been different if the jury had not heard the testimony potentially tying Araujo's gun to the murder and the State's arguments about that testimony. It then reviewed the remaining testimony against Araujo, including his statement (made when he was arrested for another charge before his murder trial) that, "This ain't [expletive deleted]. I'm out on bond for murder from when I killed Buffy [the victim] with the .38."

In light of the entire record, the trial court concluded that the new evidence about the weapon was not so conclusive that if it been heard, the result of the trial would have been different. Accordingly, it denied Araujo's petition. The Illinois Appellate Court affirmed the trial court. It also observed that Araujo could have discovered the new weapons evidence earlier with the exercise of due diligence because the gun was available for inspection prior to trial yet he only elected to retain an expert to examine it in the post-conviction proceedings. Araujo filed a PLA raising the new evidence issue which was denied on June 2, 1999.

On June 6, 2000, Araujo filed a second state post-conviction petition alleging that: (1) his trial counsel's assistance was ineffective because counsel should have obtained an independent forensic analysis of the gun prior to trial; (2) new evidence shows that the State's weapons expert destroyed exculpatory evidence by filing down the markings on the bullets; (3) the State's forensic expert committed deliberate perjury; and (4) the State violated his right to due process by failing to disclose that the gun recovered from his home was not the murder weapon. In support, Araujo submitted an affidavit stating that he told his lawyer prior to trial that he was innocent and that the gun seized from his home had no connection to the murder.

On June 15, 2000, the trial court denied the petition as improperly successive and barred by res judicata, explaining that Araujo had failed to demonstrate that his prior post-conviction proceedings were deficient or that he lacked a complete opportunity to litigate his "it could not have been my gun" argument during his first post-conviction petition proceedings.

The Illinois Appellate Court affirmed this decision on September 27, 2002. It agreed that the claims were barred by res judicata, but also alternatively held that they failed on the merits. Araujo filed a PLA, which was denied on February 5, 2003. Araujo then filed a petition seeking relief under § 2254 with this court on January 20, 2004. In his petition, he asserts that: (1) the State knowingly presented false evidence at trial; and (2) trial counsel was constitutionally ineffective because he failed to challenge the State's false evidence.

## II. Discussion

The respondent contends that Araujo's petition is time-barred under 28 U.S.C. § 2244(d). Araujo, on the other hand, contends that his petition is timely or, alternatively, that there is an actual innocence exception to the statute of limitations. For the following reasons, the court disagrees with Araujo on both points.

### A. Statute of Limitations

The statute of limitations begins to run when the latest of several events occur, including the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2254(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," however, tolls the statute of limitations. 28 U.S.C. § 2244(d)(2).

Here, as noted above, the Illinois Appellate Court affirmed Araujo's conviction and sentence on March 31, 1994. His PLA or a notice of intent to file one was due twenty-one days later, or on April 21, 1994. *See* Ill. S.Ct. Rule 315(b). The one-year statute of limitations for habeas corpus cases did not become effective until April 24, 1996, so a petitioner whose conviction became final before this date is entitled to a one-year grace period ending on April 23, 1997. *See Gendron v. Ahitow*, 154 F.3d 672, 675 (7th Cir. 1998); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997). The respondent thus asserts that Araujo was entitled to a one-year grace period to file his § 2254 petition, unless the statute of limitations was tolled.

Araujo, on the other hand, contends that the statute of limitations actually began to run on March 29, 1997, when he definitively found out that his gun could not have been the murder weapon. When the Illinois Appellate Court affirmed the denial of Araujo's first post-conviction petition, however, it held that he could have readily discovered the information about the gun before trial because the gun was available for inspection then but Araujo elected not to engage a ballistics expert until he filed his post-conviction petition. The court must accept the state court's finding that Araujo could have learned about the gun issue much sooner than he did because Araujo has not provided clear and convincing evidence to the contrary and, in any event, the court agrees with the state court. *See* 28 U.S.C. § 2254(e)(1). Araujo is, therefore, not entitled to begin the clock in March of 1997, as he could have discovered the factual predicate of his claim earlier with the exercise of due diligence.

The limitations clock thus began to tick on April 23, 1997, when the one-year grace period ended. The clock then stopped 180 days later, when Araujo filed a timely state post-conviction petition on October 21, 1996. The clock then started ticking again on June 2, 1999,

- 5 -

when the Illinois Supreme Court denied his PLA. *See Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000). Araujo had 185 days left to file his § 2254 petition (early December of 1999), but did not do so until January of 2004.[2] His petition is, therefore, time-barred.

### B. Actual Innocence

Araujo argues that actual innocence is an exception to dismissal on the basis of the statute of limitations. The Seventh Circuit, however, has very recently rejected this precise argument, stating that actual innocence is only "relevant to a claim that the habeas statute of limitations should be equitably tolled" if the petitioner can "show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." *Gildon v. Bowen*, No. 03-2076, — F.3d —, 2004 WL 2187583 (7th Cir. Sep 30, 2004). As discussed above, Araujo has not made such a showing.

Araujo nevertheless argues that *Gildon* is distinguishable because the holding in *Gildon* is limited to petitioners who seek to equitably toll the statute of limitations. According to Araujo, this means that *Gildon* is inapplicable because he is trying to obtain relief from the statute of limitations due to a fundamental miscarriage of justice.

In support, Araujo correctly notes that equitable tolling necessarily requires a petitioner to show that he could not have discovered the facts forming the basis of his claim within the limitations period. On the other hand, the fundamental miscarriage of justice rule requires a petitioner to establish actual innocence and it is irrelevant whether he could or should have

---

[2] The court notes that Araujo's second state post-conviction proceeding began on June 6, 2000, and thus could not toll an already-expired limitations period.

- 6 -

discovered the facts supporting his actual innocence claim earlier. Fundamentally, however, regardless of how Araujo characterizes his argument, his petition is time-barred.

There are two ways to characterize Araujo's petition. First, the essence of his petition is that the normal statute of limitations should not be used because to do so would be unfair. This is, in essence, an equitable tolling argument and as such, it cannot survive *Gildon*. Second, Araujo contends that actual innocence claims in § 2254 petitions are not subject to the statute of limitations. The court disagrees, at least in the context of this case.

Actual innocence is a gateway to avoid procedural default, not a free-standing claim. *See Herrera v. Collins*, 506 U.S. 390, 401 (1993) ("Few rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence"); *U.S. ex rel. Davila v. Chandler*, No. 04 C 4112, 2004 WL 2381872 at *6 (N.D. Ill. Oct 15, 2004) ("Actual innocence is a gateway which allows a habeas petitioner to obtain review of otherwise procedurally barred claims, as opposed to a Monopoly-style 'get out of jail free' card"). Procedural default occurs when a petitioner fails to comply with state procedural rules. *Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). Because Araujo is trying to avoid the federal one-year statute of limitations for habeas petitions, as opposed to seeking to avoid a default in state court, the actual innocence exception is inapplicable.

In addition, the statute of limitations applies to Araujo's actual innocence claim because this claim, at its heart, reflects his dissatisfaction with the state court's ruling regarding the gun evidence. As noted above, the trial court held that the new evidence about the weapon was not so conclusive that if it been heard, the result of the trial would have been different. It thus denied his first state post-conviction petition. Araujo disagrees with this ruling and characterizes his attack on it in federal court as an actual innocence claim. In support, he contends that but for the

admission of the gun evidence, no reasonable juror would have convicted him. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995).

The state courts, however, considered and rejected this claim. His "actual innocence" argument is thus fundamentally no different from the claim of any other habeas petitioner who feels that the state court got it wrong when it held that the record adequately supported a defendant's conviction despite the improper admission of certain contested evidence. If the court accepted Araujo's argument, it would, therefore, essentially be holding that the statute of limitations in § 2244(d) is irrelevant when a petitioner attempts to challenge his conviction in a federal habeas petition. The court declines to accept Araujo's invitation to jettison the statute of limitations in such a situation. Accordingly, the court finds that Araujo's petition is time-barred despite his invocation of the actual innocence exception to procedural default.

## III. Conclusion

For the above reasons, Araujo's § 2254 petition [1-1] is denied.

DATE: 11-2-04

Blanche M. Manning
United States District Court Judge

04cv374.hab

- 8 -